[Cite as *State v. Oberly*, 2023-Ohio-179.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ERIC S. OBERLY,

    DEFENDANT-APPELLANT.

CASE NO. 8-22-14

**O P I N I O N**


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ERIC S. OBERLY,

    DEFENDANT-APPELLANT.

CASE NO. 8-22-15

**O P I N I O N**


STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ERIC S. OBERLY,

    DEFENDANT-APPELLANT.

CASE NO. 8-22-16

**O P I N I O N**

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

                                  CASE NO. 8-22-17

      v.

ERIC S. OBERLY,                        **O P I N I O N**

      DEFENDANT-APPELLANT.

---

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 20 03 0075, CR 20 10 0245,**
**CR 21 10 0282 and CR 22 02 0047**

**Judgments Affirmed in Cases 8-22-16 and 8-22-17**
**Appeals Dismissed in Cases 8-22-14 and 8-22-15**

**Date of Decision: January 23, 2023**

---

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Eric Oberly ("Oberly") brings this appeal from the judgment of the Court of Common Pleas of Logan County sentencing him in four separate cases. Oberly only challenges on appeal the decision of the trial court

ordering the sentence in trial court case number CR 22 02 0014 be served consecutive to the other cases.

*Factual and Procedural History*

**Trial Court Case Number CR 20 03 0075**

{¶2} On March 10, 2020, the Logan County Grand Jury indicted Oberly on five counts: 1) Vandalism in violation of R.C. 2909.05(A) and (E), a felony of the fourth degree; 2) Felonious Assault in violation of R.C. 2903.11(A)(2) and (D)(1)(a), a felony of the second degree; 3) Possessing Drug Abuse Instruments in violation of R.C. 2925.12(A) and (C), a misdemeanor of the first degree; 4) Grand Theft of a Motor Vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree; and 5) Failure to Comply with an Order or Signal of a Police Officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a felony of the third degree. 75Doc. 6[1]. These charges stemmed from incidents where Oberly stole a car, ran from law enforcement causing the officers to chase him which resulted in a motor vehicle accident which caused damage to a business. 75Doc. 26. After the accident, officers found a bag containing needles, q-tips, the bottom of a pop can and a file. 75Doc. 26. A change of plea hearing was held on July 13, 2020. 75Doc. 47. Pursuant to a plea agreement, Oberly entered pleas of guilty to counts four and five and the State dismissed counts one, two and three. 75Doc. 47. The trial court

---

[1] Due to there being four separate cases with four separate dockets, the docket for this case will be identified as "75Doc."

accepted the pleas and found Oberly guilty of counts four and five. 75Doc. 47. The State moved to dismiss the remaining counts. 75Doc. 47.

{¶3} On August 24, 2020, the trial court held a sentencing hearing. 75Doc. 55. The trial court imposed a sentence of community control for five years. 75Doc. 55. The trial court then reserved prison terms of 18 months for count four and 36 months for count five with the terms to be served concurrently for an aggregate reserved prison term of 36 months. 75Doc. 55. The trial court also determined that Oberly was entitled to jail time credit of 56 days as of the hearing date.

{¶4} On October 6, 2020, the trial court held a hearing on a motion to revoke Oberly's community control. 75Doc. 69. Oberly entered an admission that he had tested positive for drugs. 75Doc. 69. The trial court continued the community control, but ordered Oberly to serve 60 days in the Logan County Jail and then to be placed in a residential treatment program upon his release from jail. Doc. 69.

{¶5} On June 8, 2021, the State filed a second motion for the revocation of Oberly's community control. 75Doc. 77. The trial court held a hearing on the motion on April 19, 2022. 75Doc. 103. Oberly waived the evidentiary hearing and admitted to violating the terms of his community control. 75Doc. 103. The trial court determined that the violation was a non-technical violation and revoked Oberly's community control. 75Doc. 103. The trial court then ordered Oberly to serve the reserved sentence of 36 months and awarded Oberly jail time credit of 592

days. 75Doc. 103. Oberly appealed from this judgment. 75Doc. 115. The appeal was assigned appellate case number 8-22-14.

**Trial Court Case Number CR 20 10 0245**

{¶6} On October 13, 2020, the Logan County Grand Jury indicted Oberly on six counts: 1) Petty Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a misdemeanor of the first degree; 2) Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; 3) Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; 4) Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; 5) Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree; and 6) Unauthorized Use of a Vehicle in violation of R.C. 2913.03(A) and (D)(2), a misdemeanor of the first degree. 245Doc. 2.[2] The charges stemmed from incidents where Oberly allegedly withdrew money from his girlfriend's bank account without her permission on five separate occasions. 245Doc. 16. The girlfriend also stated that Oberly had used her car without her permission. 245Doc. 16. Oberly entered pleas of not guilty to all counts. 245Doc. 11.

{¶7} A change of plea hearing was held on January 5, 2021. 245Doc. 20. Oberly changed his pleas as to counts one, two and three to guilty. 245Doc. 20. The State then moved to dismiss the remaining three counts. 245Doc. 20. The trial

---

[2] The docket for this case will be identified as "245Doc."

court held a sentencing hearing on January 26, 2021. 245Doc. 23. The trial court imposed a sentence of three years of community control. 245Doc. 23. The trial court then reserved a jail term of 180 days as to count 1 to be served concurrently to counts two and three. 245Doc. 23. The trial court also reserved prison terms of twelve months on each of counts two and three and ordered them to be served consecutively to each other for an aggregate prison term of 24 months. 245Doc. 23. These terms were also ordered to be served consecutive to the sentence in case number CR 20 03 0075. 245Doc. 23.

{¶8} On June 8, 2021, the State filed a motion to revoke Oberly's community control. 245Doc. 36. The trial court held a hearing on the motion on April 19, 2022. 245Doc. 61. Oberly waived the evidentiary hearing and admitted to violating the terms of his community control. 245Doc. 61. The trial court determined that the violation was a non-technical violation and revoked Oberly's community control. 245Doc. 61. The trial court then ordered Oberly to serve the reserved sentence of 180 days as to count one, twelve months as to count two and twelve months as to count three, with the sentences ordered to be served concurrently to each other and concurrently to the sentence in case number CR 20 03 0075. 245 Doc. 61. Oberly appealed from this judgment. 245 Doc. 71. The appeal was assigned appellate case number 8-22-15.

**Trial Court Case Number CR 21 10 0282**

{¶9} On October 12, 2021, the Logan County Grand Jury indicted Oberly on one count of Grand Theft When the Property is a Firearm or Dangerous Ordnance in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree. 282Doc. 2.[3] Oberly entered a plea of not guilty to this charge. 282Doc. 12. A change of plea hearing was held on March 17, 2022. 282Doc. 23. The trial court accepted Oberly's plea of guilty and then found Oberly guilty as charged in the indictment. 282Doc. 23.

{¶10} The trial court held a sentencing hearing on April 19, 2022. 282Doc. 24. The trial court ordered Oberly to serve a prison term of 36 months and ordered the sentence to be served consecutively to those imposed in case nos. CR 20 03 0075 and CR 20 10 0245. 282Doc. 24. Oberly appealed from this judgment. 282Doc. 37. The appeal was assigned appellate case number 8-22-16.

**Trial Court Case Number CR 22 02 0047**

{¶11} On February 8, 2022, the Logan County Grand Jury indicted Oberly on one count of Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A) and (C)(11), a felony of the fifth degree. 47Doc. 2.[4] Oberly entered a plea of not guilty at the arraignment. 47Doc. 10. On March 17, 2022, Oberly changed his plea to guilty in exchange for the State agreeing not to seek any further

---

[3] The docket for this case will be identified as "282Doc."
[4] The docket for this case will be identified as "47Doc."

indictments related to the facts of this case or that in CR 21 10 0282. 47Doc. 24. The trial court accepted the plea of guilty and found Oberly to be guilty of the offense charged. 47Doc. 24.

{¶12} The trial court sentenced Oberly at the sentencing hearing on April 19, 2022. 47Doc. 25. The trial court imposed a prison term of six months and ordered that the sentence be served consecutive to those in case numbers CR 20 03 0075, CR 20 10 0245, and CR 21 10 0282. 47Doc. 25. Oberly appealed from this judgment. 47Doc. 37. The appeal was assigned appellate case number 8-22-17.

{¶13} On appeal, the four cases were consolidated. Oberly raises the following sole assignment of error.

> **By clear and convincing evidence, the record does not support the consecutive sentence findings on case no. [8-22-17] for possession of a fentanyl-related compound.**

{¶14} This Court initially notes that Oberly only assigns error to the judgment appealed in appellate case number 8-22-17. No assignment of error was stated for appellate cases numbered 8-22-14, 8-22-15, and 8-22-16. Appellants are required to provide a statement of the assignments of error in their briefs. App.R. 16(A)(3). The failure to set forth an assignment of error in these cases, is the equivalent of failing to file a brief and provides grounds for dismissal of the appeal pursuant to App.R. 12(A)(2) and App.R. 18(C). *CitiMortgage, Inc. v. Asamoah*, 10th Dist. Franklin No. 12AP-212, 2012-Ohio-4422, ¶ 5. "[W]ithout assignments of error, an appellate court has nothing to review." *Ching Chang v. Time Warner*

*Cable*, 10th Dist. Franklin No. 19AP-101, 2019-Ohio-3465, ¶ 11.  "Appellate courts have discretion to dismiss appeals that fail to set forth assignments of error."  *Id*. at ¶ 12.  However, in the interest of serving justice, we are permitted and will address the main points raised by Oberly as they apply to these cases. *Id*.

**{¶15}** The sole assignment of error is that the record does not support the findings made by the trial court in support of consecutive sentences.

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4).   In appellate case number 8-22-14  (CR 20 03 0075), the sentence was ordered to be served concurrent to each of the convictions set forth in

that case. No other sentence from any other cases were addressed. Likewise, the sentences for the convictions in appellate case number 8-22-15 (CR 20 10 0245) were also ordered to be served concurrent to each other and concurrent to that in 8-22-14 (CR 20 03 0075). Thus, there were no consecutive sentences in these cases and the assignment of error does not apply. For this reason, the appeals in appellate cases 8-22-14 and 8-22-15 are dismissed.

{¶16} In appellate cases 8-22-16 and 8-22-17, consecutive sentences were imposed. The sentencing hearing for all of the cases was held on August 19, 2022. At the hearing, the trial court made the following findings regarding consecutive sentences.

> **The Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the public.**
>
> **The Court further finds that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant and further finds that the defendant was on community control in CR20-03-0075 when he committed the offenses in CR20-10-0245. The defendant was also on community control in both of the CR20 cases when he committed the crimes in CR21-10-0282 and CR22-02-0047.**

Tr. 23. A review of the record shows that the findings made by the trial court were supported. The trial court sentenced Oberly for violating his community control in the 2020 cases at the time the consecutive sentences were imposed. This supports

the finding pursuant to R.C. 2929.14(C)(4)(a) that Oberly was under a sanction at the time he committed the offenses in both 8-22-16 (CR 21 10 0282) and 8-22-17 (CR 22 02 0047). Additionally, the presentence investigation report revealed that Oberly had an extensive criminal history involving drugs, alcohol, and thefts prior to the incidents leading to the first 2020 indictment. This would support a finding pursuant to R.C. 2929.14(C)(4)(c). Given this evidence, the trial court's findings as to consecutive sentences being appropriate are supported by the record. The assignment of error as it applies to appellate cases 8-22-16 and 8-22-17 are overruled.

{¶17} The judgments of Court of Common Pleas of Logan County are affirmed in appellate cases 8-22-16 and 8-22-17. The appeals are dismissed in appellate cases 8-22-14 and 8-22-15.

*Appeals Dismissed in*
*8-22-14 and 8-22-15*
*Judgments Affirmed in*
*8-22-16 and 8-22-17*

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**